## 42408. MATHIS v. THE STATE.
(340 SE2d 602)

BELL, Justice.

Appellant Thomas James Mathis, Jr., was indicted for murdering James Thomas by pouring a flammable liquid on him and igniting it.[1]

---

[1] The homicide occurred May 30, 1984. Appellant was tried September 25-26, 1984, and on September 26 the jury returned its verdict. The life sentence was entered October 1. Ap-

He was convicted and sentenced to life imprisonment, and now appeals. We affirm.

1. The court did not err by refusing to charge that the presumption of innocence is "in the nature of evidence." *Conklin v. State*, 254 Ga. 558 (6) (331 SE2d 532) (1985).

2. Neither did the court err by allowing an arson investigator who had talked with the victim in an emergency room to state that the victim had appeared to be in serious condition. *Northwestern University v. Crisp*, 211 Ga. 636 (5) (88 SE2d 26) (1955).

3. In response to a question from the jury during its deliberations, the court charged them as follows concerning the statute of limitations:

"I do want to instruct you that the State is not limited to the date which appears in the indictment insofar as the date of injury or the date of death is concerned, and there is no question here involving the statute of limitations, and so *if the State proves the event happened at anytime within the statute of limitations*, as I say, there is no question here about the statute of limitations, *then the State is entitled to a guilty verdict at your hands.*

"Now, I want you to consider the things that I have told you in connection with this question you have asked me in the light of all the instructions that I have tried to give you earlier.

"That is about all I can say to you, ladies and gentlemen of the jury. I will let you go back to the jury room." (Emphasis supplied.)

Appellant contends that the emphasized portion of the charge amounted to an intimation of opinion by the court, and that it was tantamount to directing the jury to reach a verdict of guilty. The state responds that the instructions were proper when considered as a whole and in conjunction with the court's original charge, because the court's recharge also specifically informed the jurors that they were to consider the recharge in light of the original charge. In the original charge the court instructed that nothing it said or did should suggest partiality in the case, and that the jurors were to consider the case in light of all the facts and circumstances as revealed to the jurors by the evidence and in light of the court's instructions.

We agree with the state. "[U]pon examination of the entire charge it is clear that the jury could not have failed to understand that it was bound to consider all of the evidence adduced upon the trial in determining whether to convict or acquit the accused." *Cape v. State*, 246 Ga. 520, 526 (8) (272 SE2d 487) (1980).

4. The court's charge on accident was not erroneous.

---

pellant moved for a new trial, which was denied March 28, 1984. On April 29, 1985, he filed a notice of appeal. On July 19, 1985, he submitted the appeal for determination by this court without oral arguments.

544

5. We have reviewed the general grounds, and find that the evidence presented to the jury was sufficient to convince any rational trier of fact of the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 1986 —
RECONSIDERATION DENIED APRIL 1, 1986.

*Dennis R. Kruszewski, Drew Findling, Vernon S. Pitts, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellee.